IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                                          No.  03-40117-01-SAC

QUENTIN ROBERT STOOKEY,

           Defendant.

MEMORANDUM AND ORDER

        To the charge that he possessed with the intent to distribute 50 grams or more of a methamphetamine mixture on July 20, 2002, the defendant entered a plea of guilty on March 1, 2005.  Instead of a written plea agreement, the government verbally agreed to recommend the maximum acceptance of responsibility adjustment, a sentence at the low end of the appropriately calculated guideline range, and a sentence to be served concurrently to any undischarged state sentence.  The presentence report ("PSR") recommends a total offense level of 31 based on the career offender guidelines less the adjustment for acceptance of responsibility.  With a criminal history category of six, the applicable guideline range is 188 to 235 months.  The addendum to the PSR reflects the defendant has three unresolved objections.

**OBJECTION NO. 1**: The defendant argues that his 2004 felony drug conviction in Arizona is relevant conduct and that his sentence here should run concurrently to his Arizona sentence. The government believes the PSR correctly calculates the appropriate guideline range, but it agrees that a federal sentence fully concurrent with the Arizona sentence would not be an abuse of discretion.

**Ruling**: Under U.S.S.G. § 1B1.3(a)(2), offenses which are groupable under U.S.S.G. § 3D1.2(d) are part of a defendant's relevant conduct if they are part of the same course of conduct or common scheme or plan as the count of conviction. *United States v. Moore*, 130 F.3d 1414, 1416 (10th Cir.1997). The defendant's drug offense in Arizona occurred less than eight months after his arrest on the instant charges. In both offenses, the defendant was found in possession of large amounts of methamphetamine with other evidence to show he was selling. Based on the temporal proximity and the similarity between the offenses, the court concludes that the offenses are part of the same course of conduct or common scheme or plan.

By reason of this ruling on the defendant's objection, the court amends the PSR at paragraph twelve to include the following which already appears later in the PSR at page fourteen to which no objection has been lodged:

A presentence report for this offense (Arizona) indicates the defendant was

>found inside a residence when police went there after receiving a report that methamphetamine was being sold from it. The defendant provided a false name to police, and when police attempted to arrest him, he fled on foot. He was apprehended after being pepper sprayed. The defendant had on his person a small baggie of methamphetamine. Inside the residence, police found a black duffel bag with a "large" amount of methamphetamine, and a handgun. Stookey admitted to police that the methamphetamine was his, which he purchased for $5,000, and reported he was holding the gun for a friend, and was using it to deal with shady people in the drug trade.

Though these facts would sustain a firearm enhancement, this would not change the guideline range due to the higher offense level resulting from the career offender guideline.

This relevant conduct finding also results in the application of U.S.S.G. § 5G1.3(b) which provides in part:

>If subsection (a) does not apply, and a term of imprisonment resulted from another offense that it is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>>(1)  the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>>(2)  the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Applying both (b)(1) and (b)(2) and determining that the Bureau of Prisons would

not otherwise credit the defendant's federal sentence for the period of his state imprisonment, the court will adjust the sentence to account for the time already served on the state sentence, including the time credited by the state court at sentencing for those days spent in custody, and will order the sentence to run concurrently to the undischarged term of the state imprisonment.  The court further orders that the sentence shall run concurrently to the consecutive state sentence imposed for the burglary conviction.

**OBJECTION NO. 2**:  Because the Arizona felony drug conviction is relevant conduct for the present offense, the defendant objects to it also being considered for purposes of the career offender guideline.

**Ruling**:  A ruling on this objection is unnecessary as it would not affect the sentencing.  Even without this felony drug conviction, the defendant remains a career offender under U.S.S.G. § 4B1.1 based on his other two controlled substance convictions.

**OBJECTION NO. 3**:  Citing *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. Shepard*, 125 S. Ct. 1254 (2005), the defendant objects to the court making the findings to enhance his sentence under the career offender guideline.  The defendant concedes that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), is binding precedent, but he wishes to preserve his objection in

the event of its reversal.

**Ruling**: The Tenth Circuit continues to recognize the vitality of *Almendarez-Torres* after *Booker* and *Shepard* and has dismissed the argument that the fact of a prior conviction must be charged in the indictment and submitted to a jury. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 n.1 (10th Cir. 2005); *United States v. Moore*, 401 F.3d 1220, 1223-24 (10th Cir. 2005). The objection is overruled.

**18 U.S.C. § 3553(a)  FACTORS**

The defendant asks the court to fashion a sentence that will result in his release on federal supervised release at the same time as his release from Arizona custody. The defendant proposes accomplishing this by imposing a sentence of not more than 165 months or 13.75 years (9.25 years sentence for the Arizona drug conviction and a consecutive 4.5 years for the Arizona burglary conviction) and then ordering that the term of imprisonment be reduced by the time aleady served on the Arizona sentence. The defendant points to his long-term addiction to drugs, his non-violent criminal history, his age, and his family support. The defendant contends that a sentence of 165 months adequately reflects the seriousness of his offense and affords adequate deterrence to criminal conduct, particularly considering the defendant's age. "The government agrees that, due to the unique circumstances of this case, a sentence of imprisonment of 165 months,

to be served concurrently with the present Arizona sentence of imprisonment, would not be an abuse of discretion." (Dk. 33, p. 4).

The court finds that a sentence of 165 months imprisonment would be sufficient but not greater than necessary to fulfill the purposes of sentencing identified in 18 U.S.C. § 3553(a). Such a sentence reflects the seriousness of offense, provides just punishment, and affords adequate deterrence to criminal conduct. In light of the defendant's age, history and characteristics, as identified and argued in his sentencing memorandum, the court believes this sentence should protect the public from future criminal conduct by the defendant and provide the defendant with needed drug treatment programs.

IT IS THEREFORE ORDERED that the defendant's objections to the PSR are granted in part and denied in part;

IT IS FURTHER ORDERED that the above discussion and findings will serve as part of the court's statement of reasons for sentencing.

Dated this 19th day of July, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge